UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 7050
TRENTON, NJ 08608
609-989-2114

June 27, 2019

## LETTER ORDER

Re:  **STRIKE 3 HOLDINGS, LLC v. JOHN DOE Subscriber Assigned IP Address 173.54.35.53,
Civil Action No. 18-12609 (MAS) (LHG)**

Dear Counsel:

This matter comes before the Court by way of a Motion to Quash (the "Motion") filed by Defendant John Doe Subscriber Assigned IP Address 173.54.35.53 ("Doe"), seeking to quash a subpoena served by Plaintiff Strike 3 Holdings, LLC ("Strike 3") on his[1] internet service provider. [Docket Entry No. 11]. Doe filed a brief ("Moving Brief") in support of his Motion. [Docket Entry No. 11-1]. Strike 3 opposes. ("Opposition") [Docket Entry No. 12], and Doe filed a Reply. ("Reply") [Docket Entry No. 13]. The Court has considered the parties' submissions without oral argument, pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b).

Strike 3 alleges that Doe used the BitTorrent file network to illegally download and distribute a complete copy of each of its copyrighted adult motion pictures. Complaint at ¶¶23, 27 [Docket Entry No. 1]. Accordingly, the Complaint asserts direct copyright infringement. Complaint at ¶¶34–39. Because Strike 3 lacks any identifying information as to Doe beyond an IP address, it sought leave to serve a subpoena on Doe's internet service provider (or "ISP") prior to a Rule 16 conference. [Docket Entry No. 4]. The Court granted that leave. [Docket Entry No. 5.] Strike 3 then served a subpoena limited to a demand for Doe's name and address. *See* subpoena attached as part of Exhibit A to Motion [Docket Entry No. 11-2 at 6–8]. The internet service provider notified Doe that he was the subject of a subpoena. *See* Notice from Verizon Online to Doe, attached as part of Exhibit A to Motion [Docket Entry No. 11-2 at 4–5]. Doe then filed this Motion.

Doe's Moving Brief cites the 2016 amendments to Rule 26 for the proposition that the Rule no longer contemplates hunting expeditions by plaintiffs seeking a real party in interest, as he says is the case here. Moving Brief at 6.[2] Doe cites decisions from other courts to cast doubt on the ability of Strike 3 to use his name and address to articulate a *prima facie* case

---

[1] While the identity (and therefore the gender) of Doe is unknown, for purposes of consistency within this order, the Court refers to Doe using male pronouns, given the reference to Doe as "John."
[2] For clarity, the Court cites to the parties' briefs by reference to their internal pagination rather than the pagination imposed by the Court's CM/ECF system.

*Strike 3 Holdings, LLC v. Doe*
Page 2 of 7

connecting him to the alleged infringer. *Id*. Doe next argues that Strike 3 has no legitimate need for his name and address because its litigation history suggests that it does not actually use the information to litigate cases, but rather to force settlement. *Id*. Doe proposes that Strike 3 instead request the Court to issue a summons directed to Doe at his IP address, and serve process on him through his counsel. *Id*. at 8. Finally, Doe concedes that Verizon will not be burdened by the subpoena. *Id*. He contends instead that he will be personally burdened insofar as he may suffer negative employment action should his identity be revealed and should the Court deny his resulting request to proceed anonymously. *Id*. at 8–9. Doe also devotes a substantial portion of his moving brief to challenging the technology Strike 3 relies on and to characterizing this suit as another example of a copyright troll using dubious geolocation data to pursue a BitTorrent infringement suit of questionable merit rather than making use of DMCA notices. *Id*. at 1–4, 8.

Strike 3 first contends that Doe lacks standing to assert that the subpoena is unduly burdensome, and even if he does have standing, his argument is unpersuasive given that he asserts no privilege and his identity does not constitute "protected matter" within the meaning of Rule 45. Opposition at 5–7. Strike 3 dismisses Doe's challenges to the reliability of its geolocation technology as procedurally improper insofar as the Court already approved Strike 3's request to serve early discovery. Opposition at 7. Notwithstanding its procedural argument, Strike 3 defends the reliability of its process for identifying Doe's IP address and his general physical location within the state of New Jersey. *Id*. at 8–14.

Strike 3 next argues that the discovery it seeks is relevant and proportional under the Rule 26 factors. First, it maintains that it is being injured financially and that public interest favors enforcement of intellectual property rights. *Id*. at 15. It also asserts that the amount in controversy is high, in excess of $1 million statutory damages, and higher if willful infringement is found. *Id*. at 16. Strike 3 states that it does not know who Doe is, and that only Defendant, his attorney, and his ISP can provide this information. *Id*. With respect to the parties' resources, Strike 3 observes that Doe has means sufficient to retain counsel and to file the present motion. *Id*. It also contends that the burden of this discovery on Doe is slight, given that the subpoena is not directed at him. *Id*. Finally, Strike 3 emphasizes that Doe's name and address are essential to its case insofar as it cannot perform the requisite investigation to identify the alleged infringer without first identifying Doe. *Id*. at 17. While it recognizes the possibility that Doe himself may not be the actual infringer, this possibility alone should not be enough to quash the subpoena. *Id*. at 16. Strike 3 also defends its methods and motivation for enforcing its copyrights by litigation. *Id*. at 20–24. Finally, Strike 3 advises that, should the Court permit its discovery to go forward, it will not oppose Doe's application to proceed anonymously, in an effort to alleviate Doe's concerns about being associated with the content of Strike 3's motion pictures. *Id*. at 24–25.

On reply, Doe asserts that he has standing to challenge the subpoena because he has a personal or proprietary interest in the information sought. Reply at 1. Doe concedes that courts routinely find that an internet subscriber does not have a protectable privacy interest in its identity because it has shared that information with his internet service provider. Reply at 1–2.

*Strike 3 Holdings, LLC v. Doe*
Page 3 of 7

Doe nevertheless contends that he does in fact have such an interest based on the privacy terms of his agreement with his provider. Reply at 2 (citing Declaration of Flann Lippincott, Esq., at ¶4, attaching Verizon Online Privacy Policy as Exhibit B). Doe argues that Strike 3 has admitted it does not know if he is the actual infringer and has failed to explain how it would identify the infringer without a lengthy discovery process. Reply at 2–3. Doe complains of being subjected to discovery requests, examination of his electronic devices, and deposition "while Plaintiff sniffs around for the actual defendant." *Id*. at 3. According to Doe, the Court can issue a summons once Plaintiff alleges his personal involvement in the alleged infringement. *Id*. Doe also argues that the Court should grant its Motion because Strike 3 has unclean hands as a "professional litigant." *Id*. at 5. Moreover, a portion of the works Strike 3 identifies as part of its Complaint are not copyright registrations, but as-yet unregistered copyright applications, and it improperly relies in part upon those applications in making a settlement demand and asserting the value of this litigation. *Id*. at 5–6. Doe does not believe Strike 3 can be trusted to maintain his identity in confidence, based on its "blatant disregard of the law in its greedy grab for unjustified settlements." *Id*.

Finally, Doe offers the following brief rebuttal with respect to Strike 3's assertions as to proportionality:

> (1) The public interest is served by upholding copyright protections, but not in endorsing abusive business models [like Strike 3's].... (2) The amount in controversy is based on Plaintiff's improper inclusion of 19 unregistered works. (3) The ISP does not have access to the identity of the actual infringer, if there is one, as explained above. (4) Plaintiff has no basis to evaluate Subscriber's resources. Proceeding through litigation, given Plaintiff's assembly-line approach to litigation, its costs are minimal compared to Subscriber's. (5) The discovery does not resolve any issue. It merely provides the name of the Subscriber. (6) The burden and expense of engaging in discovery is significant for Subscriber.

Reply at 7–8.

Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). A court may issue a protective order barring discovery if a party makes a showing of good cause that it would suffer annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1).

Third party subpoenas are more specifically governed by Federal Rule of Civil Procedure 45. In relevant part, the Rule requires a court to quash or modify a subpoena where the subpoena subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). A subpoena that is unreasonable or oppressive constitutes an undue burden. *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011) (citing *Schmulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-597, 2007 WL 2362598 (D.N.J. Aug. 15, 2007)). There is no "strict definition of unreasonable or oppressive."

*Id*.  Courts instead apply seven factors in determining whether a subpoena is reasonable: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party.  *Id. Compare PPL Energy Plus, LLC v. Solomon*, Civ. No. 11-745, 2013 WL 12123337, at *3 (D.N.J. Jan. 18, 2013) (adopting and applying consideration of three of the seven *Schmulovich* factors as articulated by *Pepsi-Cola Metro Bottling Co., Inc. v. Ins. Co. of N. Am., Inc.*, Civ. No. 10-222, 2011 WL 239655 (E.D. Pa. Jan. 25, 2011)).   It is the movant who "bears the 'heavy burden' of showing" that relief is appropriate under Rule 45."  *See Re: Berardino v. Prestige Management Services, Inc.*, Civ. No. 14-3451, 2017 WL 9690965, at *1 (D.N.J. Dec. 8, 2017).

      As a preliminary matter, the Court addresses whether Doe has standing to challenge the subpoena in question.   Generally, a motion to quash a subpoena served on a non-party must be brought by the non-party itself.   *See Government Employees Insurance Co. v. Trnovski*, Civ No. 16-4662, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018).   Nonetheless, a party to the suit does have standing to quash or modify a non-party subpoena if it claims a privilege or privacy interest in the information sought from the non-party.   *Id*.   Here, Doe has claimed a privacy interest in maintaining the confidentiality of his identity, particularly given the subject matter of the copyrighted moving pictures in suit.   Doe has also indicated that, should this matter proceed, he will seek permission to proceed anonymously.   At least two other courts in this district have found that these same assertions were enough, if only barely, to confer standing.  *Malibu Media, LLC. v. Doe*, Civ. No. 15-8252, 2016 WL 3876425, at *3 (D.N.J. July 14, 2016) (finding that assertions were "not overwhelming" but enough for standing purposes); *Malibu Media, LLC. v. Doe*, Civ. No. 12-7789, 2014 WL 229295, at *7 (D.N.J. Jan. 21, 2014).   Strike 3 has argued that Doe lacks standing to assert burden, a distinction with a difference to at least one court in this District.   *See Malibu Media, LLC. v. Doe*, Civ. No. 12-3896, 2012 WL 6203697, at *4 (D.N.J. Dec. 12, 2012) (denying standing premised on an undue burden theory rather than a privacy interest theory: "[t]o the extent that any of Defendants' arguments derive from an 'undue burden' theory, they could be barred by lack of standing alone.").   Given that Doe explicitly claims a privacy interest, the undersigned concludes that Doe has standing to challenge the subpoena on that basis.

      As set forth above, Rule 45 requires a court to quash a subpoena that seeks "disclosure of privileged or other protected matter, if no exception or waiver applies."   Fed. R. Civ. P. 45(c)(3)(A)(iii).   However, "the burden rests squarely" on the movant to demonstrate "that a privilege exists and that the subpoena would disclose such information."   *Malibu Media, LLC v. Doe*, 2016 WL 3876425, at *3 (citation omitted).   Here, Doe has asserted no privilege.

      With regard to privacy, Doe has argued that he "has a valid fear of employment reprisal if [his] name is publicly associated with Plaintiff."   Reply at 4.   As Strike 3 asserts, however, courts have consistently ruled that internet subscribers have no reasonable expectation of privacy with respect to their subscriber information, on the basis that subscribers voluntarily supply their name, address, and phone number to their provider.   Opposition at 5 (quotations omitted).   Doe responds that the terms of use with his internet service provider include a privacy provision, and

*Strike 3 Holdings, LLC v. Doe*
Page 5 of 7

Doe appends Verizon's Privacy Policy. Reply at 2. The Court has reviewed the policy and observes that its terms include an explicit warning that a subscriber's identity may be disclosed by the service provider in exactly the current situation: "We may be required to disclose personally identifiable information (including your selection of video programming) to a non-governmental entity to comply with a court order, after you have been provided notice." Verizon Online Privacy Policy at 4 [Docket Entry No. 13-1 at 10]. Thus, Doe's claims to a privacy interest are contradicted by the terms of his own agreement. The Court also notes that allowing Doe to proceed anonymously would mitigate many of Doe's privacy concerns. The Court therefore declines to quash the subpoena based on privacy.

Doe also argues that the subpoena seeks information that is not relevant and that Strike 3 is using it to force settlement rather than to pursue litigation. The Court addresses these arguments below.

A subpoena under Rule 45 must fall within the scope of discovery authorized under Rule 26(b)(1). *Government Employees Insurance Co. v. Trnovski*, Civ. No. 16-4662, 2018 WL 528424, at *2 (D.N.J. Oct. 23, 2018). The information sought must be relevant to any party's claim or defense and proportional to the needs of the case. Rule 26(b)(1).

The Complaint alleges that an individual using the IP address at issue engaged in infringing activity. Strike 3 has asserted that it cannot identify the alleged infringing individual without first obtaining the name and address of the owner of the account that was assigned this IP address, making the information essential to its case. Doe takes the position that his information is not relevant to Strike 3's case; indeed he devotes three pages of his opening brief to this notion. He asserts without meaningful support that Strike 3 "will not be any closer to making a *prima facie* case that connects Subscriber to the alleged infringer once it has Subscriber's name and address." Moving Brief at 6. Doe relies on various articles and cases from other circuits and districts to support the proposition that early discovery of the type sought here should not be allowed. *Id.* at 3, 6–7. Doe concludes by presenting a slightly modified version of his original position: that Strike 3 has failed to provide an explanation as to how it can identify the actual infringer other than through a lengthy discovery process, which would impose an exceedingly heavy burden of litigation upon him.

The Court rejects out of hand Doe's attempt to shift the burden on a motion to quash to Strike 3 to explain the precise means by which it conducts its investigations. Nor has Doe explained why the Court should deny Strike 3 access to the courts to protect its copyrights through litigation and discovery. Strike 3 has alleged ownership of valid copyrights and illegal copying by Doe. It has therefore articulated a *prima facie* claim of copyright infringement. *See In re McGraw-Hill Education Holdings LLC*, 909 F.3d 48, 66–67 (3d Cir. 2018). The inquiry at this stage is therefore the one under Rule 26. That inquiry is not whether the information will actually lead to identifying the true infringer, but whether the information the subpoena seeks is relevant to any party's claim or defense and proportional to the needs of the case. To the extent that Doe challenges the sufficiency of Strike 3's pleadings or the integrity of its methods for pinpointing an IP address, he can seek to dismiss as allowed by the Rules. In the meantime, his identifying information is relevant to Strike 3's claim of copyright infringement because it is unable to pursue its claim without it.

*Strike 3 Holdings, LLC v. Doe*
Page 6 of 7

Doe also briefly disputes the proportionality of Strike 3's subpoena. The Court therefore assesses each of the factors enumerated in Rule 26(b)(1).

First, Strike 3 argues that the public interest favors the enforcement of intellectual property rights. Doe contends that Strike 3 uses an abusive business model that the Court should not endorse. On the record before the Court, however, the undersigned cannot find that Strike 3's practices constitute such an abuse. Accordingly, the Court finds that the public interest favors enforcing Strike 3's rights.

Second, Strike 3 contends the amount in controversy for this matter is in excess of $1,000,000. Doe challenges this estimate, citing Strike 3's improper reliance in part on copyright applications rather than issued registrations. The Court agrees Strike 3's reliance on applications, both at the time its Complaint was filed and when this motion was briefed, were improper under Third Circuit law.[3] To the extent that Strike 3's estimates are based on 17 rather than 36 issued registrations (at least as of the time this motion was filed) and assuming the works are of roughly equal value, the damages at issue in this case still allegedly exceed $400,000. The Court therefore finds the amount in controversy is substantial.

Third, with respect to the parties' relative access to the information, Doe contends that the ISP does not have access to the identity of the actual infringer, if there is one. Strike 3 states that it does not know who Doe is, and that only Doe, his attorney, and his ISP can provide this information. While the identity of the actual infringer is the ultimate goal, the discovery sought in the subpoena is the subscriber's name and address, as a means to ultimately find out who the infringer is. It is not disputed that Doe's service provider has access to this information and the Court so finds.

Fourth, with respect to the parties' resources, Strike 3 observes that Doe apparently has means sufficient to retain counsel and to file the present motion. *Id*. Doe does not dispute this, but instead argues that Strike 3 cannot estimate his resources and that Strike 3's assembly-line approach to litigations makes its costs minimal. Here again it is not clear that the parties are arguing the correct point. As the target of the subpoena, it is arguably Verizon's resources in responding to the subpoena that are implicated rather than Doe's. This is a motion to quash, not a motion to dismiss. The Court makes no finding as to the parties' resources, given that they have provided no record on this issue, but does not find that it is a significant issue on this motion to quash.

Fifth, as to importance of the discovery in resolving the issues raised in the case, Strike 3 contends that identifying Doe is essential to its ability to proceed with its case, while Doe maintains that his name does not resolve any relevant issue. The Court finds that this matter cannot go forward without the disclosure of Doe's name and address, which makes the information important to resolving the parties' issues.

Finally, as to whether the burden or expense of the proposed discovery outweighs its likely benefit, Doe asserts that engaging in discovery in this matter would be a significant

---

[3]The Supreme Court has since resolved the longstanding circuit split in favor of the Third Circuit's position. *See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S.Ct. 881 (March 4, 2019) (holding that a copyright application is insufficient to bring infringement suit under the applicable federal statute).

*Strike 3 Holdings, LLC v. Doe*
Page 7 of 7

expense for him.   Strike 3 counters that the burden of this subpoena on Doe is minimal, given that the subpoena is not directed at him.   Doe's focus on the cost of defending this entire suit is misplaced.   It is the burden of this subpoena that is at issue and insofar as it merely seeks his name and address and seeks it from a third party, that burden is minimal.

For the reasons set forth above, the Court finds that the discovery Strike 3 seeks is not only relevant, but also proportional to this matter, and therefore appropriate under Rule 26.

As a final matter, the Court turns to Doe's argument that Strike 3's subpoena should be quashed because it has unclean hands.   Doe accuses Strike 3 of intentionally and improperly asserting rights in copyright applications, both in its Complaint and in its demand for settlement.   As Doe acknowledges, an unclean hands defense requires a showing of fraud, unconscionability, or bad faith on the part of the plaintiff that is directly related to the matter at issue.   Doe asserts that Strike 3's bad faith claims and frivolous demand based on unregistered works meets that showing.   The Court disagrees on several grounds.   First, while there are several applications identified in the Complaint, the majority of the claims are based on registrations rather than applications.   The distinction is clear from the pleading itself, and there is no assertion that Strike 3 included copyright applications in an effort to confuse the Court or commit a fraud.   Finally, as a procedural matter, Doe improperly raises this controversial point, an entirely new one, for the first time on reply.

For all the reasons set forth above, the Court DENIES the Motion to Quash [Docket Entry No. 11].   Strike 3 is to serve notice of this decision on Verizon within 10 days.   In light of this extension, the deadline for Strike 3 to effectuate service in this matter is hereby extended to 60 days from the entry of this Order.   The Clerk's Office is therefore instructed to terminate as moot Strike 3's Motion seeking an extension of time to serve.   [Docket Entry No. 42].   Moreover, given that the parties have agreed that Doe may proceed anonymously if the motion to quash is denied, the Court hereby orders that Defendant may continue to proceed on all filings and in the caption of this matter as "Defendant John Doe Subscriber Assigned IP Address 173.54.35.53."

**IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**